UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kevin W. Rouse,  Civ. No. 15-1642 (PAM/JSM)

    Plaintiff,

v.  **MEMORANDUM AND ORDER**

Delta Air Lines, Inc.,

    Defendant.

---

This matter is before the Court on Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment. For the reasons that follow, the Motion is denied.

**BACKGROUND**

In late 2014, Plaintiff Kevin Rouse received a text message on his personal cell phone from Defendant Delta Air Lines, asking whether Rouse was interested in overtime hours for Delta mechanics. (Compl. ¶ 6.) This was curious because Rouse is not, nor has he ever been, a mechanic of any sort. (Id. ¶ 7.) Shortly after receiving this text message, Rouse received six more text messages from Delta to the same effect. (Id. ¶ 11.) Rouse responded to the text message, asking Delta to stop sending him text messages. (Id. ¶ 12.) Delta replied that Rouse had provided his cell phone number for such text messages. (Id. ¶ 13.)

Rouse continued to receive text messages from Delta asking whether he was interested in overtime hours for mechanics. He alleges that between January and March 2015, he received more than 60 such text messages. (Id. ¶ 17.)

On January 27, 2015, and again on February 25, 2015, Rouse responded to the text messages and had a text message "conversation" with two different individuals at Delta. (Id. ¶¶ 18-19.) The Complaint does not elaborate on these conversations, but alleges that the text messaging did not stop. According to the briefing, the text messaging finally stopped after Rouse filed this lawsuit.

The Complaint raises two claims: that the unsolicited text messages constitute violations of the TCPA, and that they are an alleged invasion of Rouse's privacy, specifically an intrusion on his seclusion. He seeks statutory damages ($1500 per willful violation, $500 per other violation of the TCPA) and unspecified damages for the invasion of privacy.

**DISCUSSION**

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to Rouse. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly,

550 U.S. at 556.

Delta argues in the alternative that summary judgment is appropriate, and submits two declarations in support of this alternative motion. But given the procedural posture of the case and the substantial disputes between the parties, summary disposition is not appropriate. The Court has thus not considered Delta's evidentiary submissions.

**A. TCPA Claim**

Delta argues that Rouse alleges that humans, as opposed to autodialing machines, sent the offending text messages. Thus, according to Delta, those messages do not fall within the ambit of the TCPA. According to Delta, because Rouse could respond to the messages, and in two cases received responses from Delta in return, he necessarily concedes that there was "human intervention" in the text messages and this takes the claim outside the TCPA's protections. Delta overreads the Complaint and misconstrues the TCPA.

The TCPA prohibits anyone using an automatic telephone dialing system ("ATDS" or "autodialer") from calling or messaging an individual's cellular telephone without that individual's express permission. 47 U.S.C. § 227(b)(1)(A)(iii). There is no dispute that the TCPA applies even to dialing/messaging systems that are not random-number generators, such as that used here. In other words, the TCPA applies even if the numbers called or messaged come from a list of customers or employees, rather than being randomly or sequentially generated by a computer program. See 2003 FCC Ruling, 18 FCC Rcd. 14014, 14092 (2003). According to Delta, the Federal Communications Commission has excluded from the TCPA's coverage an autodialer that requires human intervention. See id. (stating

3

that an autodialer is equipment that has "the capacity to dial numbers without human intervention"). But even Delta concedes that the FCC has never focused on the "human intervention" piece of this definition. (Def.'s Reply Mem. at 2.)

Delta cites a laundry list of cases that it contends found similar allegations implausible under Twombly because the TCPA claims acknowledged human intervention. (Def.'s Supp. Mem. at 11-12.) But none of the cases is on point. Many are pro se litigants with implausible allegations. E.g., McGinity v. Tracfone Wireless, Inc., 5 F. Supp. 3d 1337, 1340 (M.D. Fla. 2014) (Pro se plaintiff alleged that representative of defendant called her more than 6,000 times over 45 days and threatened to kill her family if she didn't pay him $400.). It is no surprise that courts facing these sorts of allegations would dismiss them. And many of the other cases involved plaintiffs who admitted that they provided their cell phone numbers to defendants, or otherwise failed to establish a lack of consent to the calls or messages. E.g., McKenna v. WhisperText, No. 5:14cv424, 2015 WL 428728, at *3 (N.D. Cal. Jan. 30, 2015) (Plaintiff sued application that only sent text messages to the address book of those signing up for the service, and thus plaintiff's cell phone number was provided by an acquaintance and was not randomly accessed.); Ibey v. Taco Bell Corp., No. 12cv0583, 2012 WL 2401972, at *1 (S.D. Cal. June 18, 2012) (Plaintiff texted Taco Bell to complete a survey, received a confirmation, then decided he did not want to participate in the survey. He texted "STOP" to Taco Bell, which responded with a confirmation that plaintiff did not want to receive further communications. He alleged that this confirmation violated the TCPA.). And in other cases, the plaintiffs merely alleged the use of an autodialer without

any accompanying facts to make such an allegation plausible. E.g., Clayton v. Aaron's Inc., No. 3:13cv219, 2013 WL 3148174, at *2-3 (E.D. Va. June 19, 2013) ("Plaintiff fails to allege any facts regarding the general content, number, timing, or phone number from which any of the alleged messages were sent that show that it is plausible that Defendant used autodialing."). None of the cases cited addresses the "human intervention" aspect of the TCPA in a way that illuminates the instant dispute, and none is similar to the allegations here.

Rouse alleges that the messages he received were generic in nature, addressed not to him specifically but to all Delta mechanics. He also alleges that he received more than 60 such messages in a short period of time, that he requested the messages stop, and that they did not stop. This is sufficient to plausibly allege that Delta used an autodialer to access the numbers of its mechanics and to send the text messages. The fact that Rouse's response to messages went to a specific individual, or that the message itself purported to be from an individual's e-mail account, does not negate his allegations at this stage that the messages were generated by an ATDS.

**B.     Intrusion on Seclusion Claim**

To establish an actionable claim for intrusion on seclusion, Rouse must plead that Delta "intentionally intrude[d], physically or otherwise, upon the solitude or seclusion of [Rouse] or his private affairs or concerns . . . if the intrusion would be highly offensive to a reasonable person." Lake v. Wal-Mart Stores, Inc., 582 N.W.2d 231, 233 (Minn. 1998) (quoting Restatement (Second) of Torts § 652(B)). According to the Restatement, repeated

telephone calls are not tortious unless they are "repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, that becomes a substantial burden to his existence . . . ." Restatement (Second) of Torts § 652(B), cmt. d.

Delta contends that Plaintiff cannot establish that the intrusion was highly offensive to a reasonable person. But this argument is premature. At this stage of the proceedings, Rouse has plausibly alleged that the large number of messages he received in a short period of time caused him "frustration, anxiety, emotional distress, and mental anguish and suffering." (Compl. ¶ 31.) A reasonable person could find that the large number of text messages over the course of a few months amounted "to a course of hounding." Delta's Motion on this point is denied.

**CONCLUSION**

Rouse has plausibly alleged a violation of the TCPA and that Delta's conduct constituted an invasion of his privacy. Accordingly, **IT IS HEREBY ORDERED that** Delta's Motion to Dismiss (Docket No. 11) is **DENIED**.

Dated: <u>August 4, 2015</u>

<i>s/ Paul A. Magnuson</i><br>
Paul A. Magnuson<br>
United States District Court Judge

6